## BENJAMIN GRANT v. ELIZABETH E. SETTLE.

[Abstract Kentucky Law Reporter, Vol. 1—344.]

**Breach of Contract.**

> Where one contracts to build a house in consideration for the conveyance of real estate, and no time is agreed upon when it shall be built, the law implies that it was to be erected within a reasonable time and its construction to begin at once, as the contract had been performed by the other party to it.

**Instructions.**

> In a suit for breach of contract in failing to erect a house there was no error in the court charging the jury that upon the failure to build the house the plaintiff was entitled to damages; and where it was claimed by the defendant that his failure to build the house resulted from the refusal of the plaintiff to board the hands the court very properly charged the jury if that was true no recovery could be had unless the plaintiff after that time had notified the defendant of her readiness to proceed with the work of furnishing such board.

### APPEAL FROM ADAIR CIRCUIT COURT.

October 26, 1880.

OPINION BY JUDGE PRYOR:

The testimony is conflicting as to what the contract really was between the parties, but all concur in the statement that the appellant was to build a house which the appellee was to live in and control at a cost not exceeding $2,000. That he failed to build the house is conceded, and the damages are not excessive or unwarranted from the proof. If the failure to comply with appellee's part of the contract prevented the appellant from building the house the jury was told that the verdict should be for the defendant, or that if she had committed waste on the premises by improper cultivation or a destruction of the timber unnecessarily the appellant was entitled to recover on his set-off. It was purely a question of fact as to the nature of the contract between the parties and its breach, and also a question of fact as to the alleged waste by the appellee.

It was not necessary that the contract should have been in writing. The appellant had accepted a conveyance from the appellee of all interest he had in that particular land, and as a part consideration was to build her a house. The law implies that it was to be erected within a reasonable time, and its construction to begin at once, as the contract had been performed on the part of the appellee. There was

no error in telling the jury that upon the failure to build the house the appellee was entitled to damages. That appellant was to build the house was conceded, and his failure to comply was alleged to have resulted from the refusal on the part of the appellee to board the hands. The court said to the jury if such was the case that no recovery could be had unless after the appellee had recovered her health she had notified the appellant of her readiness to proceed with the work. It was in the first place a question as to whether the appellee was to board the hands, and if she was, her being sick at the time the mechanics commenced the work, and thereby prevented from cooking for them for a short time, did not release the appellant from his obligation to construct the building. We certainly see nothing in this record authorizing any complaint by the appellant. While his version of the contract may be a correct one, the jury returned a verdict based on appellee's statements of what the contract was, and this court will not disturb the finding.

Judgment *affirmed*.

*Alexander, Baker & Reed,* for appellant.

*T. C. Winfrey,* for appellee.

[Cited, *Weller v. Monroe,* 21 Ky. L. 1705, 55 S. W. 1078; *Noland v. Cincinnati Cooperage Co.,* 26 Ky. L. 837, 82 S. W. 627.]